as derelict, and libeled by them, and the court awarded one-half the proceeds of the vessel and her cargo as salvage. At the time of her abandonment the vessel was carrying a cargo of iron, under a charter to deliver it at City Point in Virginia. The owners of the cargo abandoned the cargo to the underwriters, and appeared in the salvage suit only as respecting them. The vessel arrived in New York April 10th, the decree in the case was rendered June 13th, the vessel was sold June 29th to the original owners, and the cargo was sold July 6th. On July 2d the owners of the vessel gave notice to the owners of the cargo that they held themselves in readiness to forward the cargo to its destination as soon as the blockade of Virginia, established April 30th, was removed, and claimed their right to hold the cargo for that purpose, and suggested that one-half of the cargo should be delivered up to satisfy the salvage decree against it, and that, if the owners of the cargo desired to have the cargo remain here, some settlement be made as to the freight; otherwise, the vessel would claim her lien on the cargo and its proceeds for freight. No such agreement was made, and the cargo was sold, and the proceeds remaining in court, after satisfying the salvage decree, amounted to about $6,200. The owners of the cargo now applied for the payment to them of all the proceeds so remaining, while the owners of the vessel claimed that the freight should be paid to them out of such proceeds.

Mr. Nash, for the vessel.
Mr. Lord, for the cargo.

THE COURT (SHIPMAN, District Judge), after hearing counsel for the respective claimants, made an order that the proceeds should be paid in full to the owners of the cargo, thus disallowing the claim for freight. Costs to be divided proportionally between vessel and cargo.

---

## Case No. 13,076.

SMITH v. MANUFACTURERS' NAT. BANK.

[See Case No. 9,051.]

---

SMITH (MARKET BANK OF TROY v.). See Case No. 9,090.

---

## Case No. 13,077.

SMITH et al. v. MARSHALL et al.

[2 Ban. & A. 371;[1] 10 O. G. 375.]

Circuit Court, W. D. Pennsylvania. Aug. 26, 1876.

PATENTS — COMBINATION — INFRINGEMENT — ONE ELEMENT DISCARDED—FLASKS FOR CASTING IRON PIPE.

1. The defendants, having discarded one of the essential elements of the patented combination, held, not to be infringers.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

2. The invention described in the patent consisted of a combination of the two halves of a flask for casting iron pipe; of flanges on each side of the halves; of stop-hinges applied to these flanges on one side; of clamps to be applied to the flanges on the opposite side; and of staples attached to each half about the middle of it. None of the elements were new. The defendants used flasks divided horizontally into two equal parts, each with flanged edges and with staples or handles on each part, and clamps applied to the flanges on one side of the halves to hold them together, but instead of the hinges on the flask, the halves of the flask were fastened together by means of bolts and nuts, applied to the flanges on one side through holes therein provided for that purpose: Held, that the bolts and nuts were not the equivalents of the hinges described in the patent.

[This was a bill in equity by William Smith and others against James Marshall and others for the infringement of letters patent No. 142.661, granted to J. B. Aston, September 9, 1873; letters patent No. 53,-883, granted to G. Ross, April 10, 1866; and letters patent No. 37,037, granted to Firth & Ingham, December 2, 1862.]

Ranken D. Jones, J. J. Coombs, and A. M. Brown, for complainants.
Bakewell & Kerr, for defendants.

McKENNAN, Circuit Judge. The bill in this case is founded on three patents, viz.: No. 142,661, to James B. Aston, for improvement in devices for blackwashing molds; No. 53,883, to George Ross, for improved molding and casting apparatus; and No. 37,037, to John Firth and John Ingham, for improved flasks for cast-iron pipes.

No infringement of the first two of these patents has been proved, and it has, therefore, been agreed that the bill, so far as it relates to them, may be dismissed without prejudice.

To the complaint founded on the Firth and Ingham patent several defences are set up in the answer, but as the case is decisively with the respondents on the question of infringement, it is only necessary to consider this defence.

The first claim of the patent is the only one involved in the controversy, and is as follows: "The combination, substantially as set forth, of the two halves A and A' of the flask hinged together, the staples I, or their equivalents, the flanges a a, and clamps B B, or their equivalents, for the purpose specified."

---

[Drawing of patent No. 37,037, granted December 2, 1862, to Firth & Ingham; published from the records of the United States patent office.]

